**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1689
_____

MARK R. CUKER; GERALD J. WILLIAMS,

v.

ESTHER E. BEREZOFSKY
                                                    Appellant.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:24-cv-00471)
District Judge:  Honorable Kai. N. Scott
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 6, 2026

Before: HARDIMAN, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*.

(Opinion filed: March 9, 2026)

_____

OPINION*
_____

MONTGOMERY-REEVES, *Circuit Judge*.

This appeal arises out of the District Court's confirmation of an arbitration award.

Appellant argues that the arbitration panel (the "Panel") manifestly disregarded the law or

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

committed misconduct when it issued its award. We disagree and will affirm the District Court's order confirming the arbitration award.

## I. BACKGROUND

This appeal relates to the dissolution of Williams Cuker Berezofsky ("WCB"), a law firm that typically worked on contingency. In 2017, WCB's named partners, Esther E. Berezofsky, Mark R. Cuker, and Gerald J. Williams, executed an Agreement and Plan of Liquidation and Dissolution (the "Dissolution Agreement"). The Dissolution Agreement, in part, divided the open cases among the three named partners and explained future fee allocations. The Dissolution Agreement also outlined dispute resolution proceedings. Specifically, if a dispute arose, the parties were required to submit the case to mediation, and if unsuccessful, to arbitration. Finally, each party was responsible for its own legal fees, costs, and expenses.

Thereafter, disputes arose regarding three of the open cases—the Medtronic Pain Pump matter ("Medtronic"), the Benicar matter ("Benicar"), and the Hoosick Falls matter ("Hoosick Falls"). Williams and Cuker asserted that Berezofsky miscalculated their distribution of fees in Medtronic. Williams and Cuker also asserted that Berezofsky was not entitled to an even distribution of the Benicar fees. In 2020, the parties mediated these disputes. Mediation was ultimately unsuccessful, so Williams and Cuker filed a claim for arbitration. During the arbitration, Berezofsky attempted to assert claims about Hoosick Falls. After hearing argument about its jurisdiction, the Panel declined to rule on the issue because "the [D]issolution [A]greement [requires] that you mediate before you arbitrate." App. 1448.

2

During the arbitration, the parties engaged in discovery, submitted briefs, participated in a five-day hearing, and conducted one day of oral argument. The Panel, thereafter, issued a three-page arbitration award. Regarding Medtronic, the Panel awarded Williams and Cuker an additional $206,841.50. Regarding Benicar, the Panel awarded $100,000 divided equally among the three parties and awarded an additional payment of $67,500 to be shared by Williams and Cuker separately. Finally, the Panel provided that "each party is to pay its own fees and costs of this Arbitration." App. 20.

Williams and Cuker then filed a petition and motion to confirm the arbitration award in the District Court. Berezofsky filed a counter-petition to vacate or modify the arbitration award. In her petition, Berezofsky argued that the Panel manifestly disregarded the law and violated public policy when it reallocated the Medtronic fees, acted arbitrarily when it created the fee distribution in Benicar, and committed misconduct when it dismissed the Hoosick Falls claim and when it allocated the arbitration's costs and fees contrary to a purported equal-allocation provision in the Dissolution Agreement. The District Court confirmed the arbitration award and issued explicit findings regarding Medtronic, Benicar, and Hoosick Falls. On appeal, Berezofsky advances the same arguments. We will discuss each in turn.

## II. DISCUSSION[1]

"On review of a petition to confirm an arbitration award, this Court reviews a district court's factual findings for clear error and its legal conclusions *de novo*." *Jiangsu Beier Decoration Materials Co. v. Angle World LLC,* 52 F.4th 554, 559 (3d Cir. 2022). Even still, "the standard of review of an arbitrator's decision is extremely deferential." *Indep. Lab'y Emps.' Union, Inc. v. ExxonMobil Rsch. & Eng'g Co.*, 11 F.4th 210, 215 (3d Cir. 2021). "We do not entertain claims that an arbitrator has made factual or legal errors. Rather, mindful of the strong federal policy in favor of commercial arbitration, we begin with the presumption that the award is enforceable." *Sutter v. Oxford Health Plans LLC,* 675 F.3d 215, 219 (3d Cir. 2012). And we will "vacate [an award] only under exceedingly narrow circumstances." *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003). Those include:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

---

[1] The District Court had jurisdiction over this case under 28 U.S.C. § 1332. We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 9 U.S.C. § 16(D).

Whether vacatur is appropriate to correct a "manifest disregard" of the law or agreement remains an open question. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l*, 559 U.S. 662, 672 n.3 (2010).[2] Even if such a standard applies, to act with manifest disregard, "the arbitrators' decision must fly in the face of clearly established legal precedent, such as where an arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it." *Whitehead v. Pullman Grp., LLC*, 811 F.3d 116, 121 (3d Cir. 2016) (internal citation and quotation marks omitted). Because this is a "strict standard[,] . . . a reviewing court will decline to sustain an award only in the rarest case." *Newark Morning Ledger Co. v. Newark Typographical Union Loc. 103*, 797 F.2d 162, 165 (3d Cir. 1986) (internal quotation marks and citation omitted). This is not the rarest case.

**A. Medtronic**

Berezofsky argues that the Panel acted with manifest disregard of the law and that the award violates public policy because it allows Williams and Cuker to receive contingency fees without having a contingency agreement. To support this argument, Berezofsky cites various states' Rules of Professional Conduct stating that "a contingent

---

[2] We recognize that vacating an arbitration award for manifest disregard of the law rests on shaky ground. *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008) ("hold[ing] that §§ 10 and 11 respectively provide the FAA's exclusive grounds for expedited vacatur and modification"). And Berezofsky's attempt to assert a separate ground for vacatur under the FAA—"manifest disregard of the agreement"—rests on similar footing. Because Berezofsky has not met the high burden required for vacatur under the "manifest disregard" standards, we do not decide whether either ground can support vacatur.

fee agreement shall be in writing." Opening Br. 15 (quoting Pa. R. Prof. Cond. 1.5(c); Minn. R. Prof. Cond. 1.5(c)); *see also* N.J. Ct. R. 1:21-7(g). But Berezofsky does not dispute that a valid contingency fee agreement exists for each matter at issue in this appeal. Rather, Berezofsky argues that where Williams and Cuker were not parties to those agreements, they cannot receive any fees. She does not point to any law, let alone a clearly established law, prohibiting a lawyer who is a party to a valid contingency agreement from sharing legal fees with a lawyer who was not a party that agreement. We therefore cannot conclude that the arbitration award ignored a clearly governing legal principle to warrant vacatur.

Accordingly, we agree with the District Court's analysis confirming the arbitration award as it relates to Medtronic.

### B. Benicar

The essence of Berezofsky's Benicar argument is that the Panel ignored the Dissolution Agreement when it did not evenly divide the entire award. That is not enough for vacatur. 9 U.S.C. § 10. The record makes clear that the Panel reviewed the Dissolution Agreement, the evidence about the Benicar matter, the Parties' respective actions to increase the award, and the Parties' arguments about the fee allocation. Contrary to Berezofsky's argument, there is no evidence that the Panel completely disregarded the Dissolution Agreement, as shown by the equal distribution of the initial award of $100,000. And the Panel's decision to exclude Berezofsky from the additional $67,500 was not "totally unsupported by principles of contract construction," *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir. 1969), because it is consistent with contracting

6

principles such as quantum meruit. Accordingly, we agree with the District Court that the Benicar award should be confirmed.

### C. Hoosick Falls

The Panel did not commit misconduct related to its treatment of Hoosick Falls and the counterclaim for nondisclosures. The arbitration award does not mention Hoosick Falls. And the record makes clear that the Panel lacked jurisdiction to hear the claim until after the Parties entered mediation. Because the Panel did not issue an award on Hoosick Falls, the District Court correctly held that there is no award to modify or vacate.

### D. Fees and Costs

Berezofsky argues that we should vacate the arbitration award because the failure to distribute costs and fees equally among the three parties was a "manifest disregard of the [Dissolution A]greement." Opening Br. 29. We disagree. The arbitration award specifically provided that "each party [was] to pay its own fees and costs of [the] Arbitration." App. 20. That language is virtually identical to the Dissolution Agreement's. *See* App. 1494 ("Each party shall be responsible for its own legal fees, costs and expenses related to this Agreement."). As such, by parroting the language of the Dissolution Agreement, the Panel did not manifestly disregard it. For these reasons, we reject Berezofsky's final argument.

## III. CONCLUSION

For the reasons discussed above, we will affirm the District Court's order.

7